# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANNY K. JONES**
    **Petitioner-defendant,**

  **v.**                             **Case No. 18-C-0630**
                                    **(Criminal Case No. 14-CR-196)**

**UNITED STATES OF AMERICA,**
    **Respondent-plaintiff.**

## RULE 4 ORDER

Petitioner Danny Jones pleaded guilty to access device fraud and aggravated identity theft, and on June 15, 2016, Judge Clevert sentenced him to 70 months in prison, three years of supervised release, and restitution in the amount of $219,022.52. Petitioner filed a notice of appeal, but the Seventh Circuit dismissed the appeal as frivolous. On April 19, 2018, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The matter was assigned to me due to Judge Clevert's retirement.

Section 2255 allows a federal prisoner to challenge his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The district court must conduct a preliminary review of such a motion. If it plainly appears the movant is not entitled to relief, the judge must dismiss the motion. Otherwise, the judge must order the government to respond. Rule 4(b), Rules Governing Section 2255 Proceedings.

Petitioner argues that his trial counsel provided ineffective assistance, failing to review discovery and advise him during the plea process, failing to notice a possible defect in the indictment, failing to present mitigation arguments at sentencing, and failing to challenge guideline enhancements for loss amount and role in the offense. Denial of the effective assistance of counsel is a constitutional claim, which may be raised for the first time on collateral attack under § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003). Further, because I was not the original trial judge in this matter a response from the government would be helpful in evaluating the motion.

**THEREFORE, IT IS ORDERED** that the government file a response to the motion on or before **May 25, 2018**. The court will address further scheduling on review of the response.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge